UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS R. THOMPSON,<br>    Plaintiff,<br>    v.<br>SCOTT S. HARRIS, et al.,<br>    Defendants. | Case No. 16-05242 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Scott S. Harris and Erik Fossom, Clerks of the United States Supreme Court. Plaintiff's motion for leave to proceed in forma pauperis shall be addressed in a separate order.

## DISCUSSION

**A.**   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361, directing Defendants, who are clerks of the United States Supreme Court, to file his petition in the High Court "for decision by the justices." (Compl. at 3.)

The federal district courts do not have jurisdiction to issue a writ of mandamus against the clerks or judges of a higher court. See Trackwell v. United States Government, 472 F.3d 1242-1243 (10th Cir. 2007) (finding that federal courts are not "agencies" of the Government and therefore § 1361 does not apply to courts or to the court clerks performing judicial functions, and that officers of a court – assisting the court in its judicial functions by performing delegated tasks – should be treated as the court itself in construing § 1361); see also In re Marin, 956 F.2d 339, 340, 294 U.S. App. D.C. 53 (D.C. Cir. 1992) (noting that district court "lacked subject matter jurisdiction to review any decision of the Supreme Court or its Clerk"); Panko v. Rodak, 606 F.2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action. [28 U.S.C. § ]1361 seems to grant jurisdiction; but, if read literally, the language of § 1361 would allow a district court to issue mandamus directly against the Justices of the Supreme Court themselves.").

Here, Plaintiff is seeking an order from this Court directing the Clerks of the United States Supreme Court to accept his untimely petition for writ of certiorari. (Compl. at 4.) However as cited above, other district courts and the Tenth Circuit have found that §

2

1361was not intended to vest a lower federal court with the authority to issue mandamus against an officer of a higher court who is performing delegated tasks and thereby acting on behalf of the Justices themselves.  Such an act would be equivalent to issuing mandamus "directly against the Justices… themselves." <u>Panko</u>, 606 F.2d at 171 n.6.  Accordingly, this action must be dismissed for failure to state a claim.

## CONCLUSION

For the reasons state above, this action is DISMISSED for failure to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

**Dated:** 1/17/2017

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.16\05242Thompson_dism